UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ZELTIQ AESTHETICS, INC.** | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| **BROWN HEALTH RELAXATION STATION LLC, NOUVELLE WEIGHT LOSS CENTERS,** and **MEREDITH BROWN,** | : |
| Defendants. | : |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Zeltiq Aesthetics, Inc. ("Zeltiq"), by and through counsel, states the following in support of its Complaint against Defendants Brown Health Relaxation Station, LLC ("Relaxation"), Nouvelle Weight Loss Centers ("Nouvelle"), and Meredith Brown ("Brown") (collectively, "Defendants").

## NATURE OF THE ACTION

1. This is an action brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, false advertising, false designation of origin, and unfair competition.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (civil action arising under any Act of Congress relating to trademarks).

896616.1

3. This Court has personal jurisdiction over Defendants because each resides in and/or transacts business within this state and in this judicial district, and Zeltiq's causes of action arise from transactions within this state and judicial district.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff Zeltiq is a corporation organized and existing under the laws of Delaware with a principal place of business at 4698 Willow Road, Pleasanton, California 94588.

6. On information and belief, Defendant Relaxation is a limited liability company organized under the laws of the state of Wisconsin, doing business at 1109 Mayfair Avenue, Suite 208, Wauwatosa, Wisconsin 53226.

7. On information and belief, Defendant Nouvelle is a business that is a d/b/a of Defendant Meredith L. Brown, doing business at 3065 North 124th Street, Suite 201, Brookfield, Wisconsin 53005.

8. On information and belief, Defendant Brown is an individual domiciled in the state of Wisconsin, and is the sole owner of Nouvelle and Relaxation.

9. On information and belief, Defendants also operate a facility at 621 North Sherman, Suite B15, Madison, Wisconsin 53715.

## FACTUAL BACKGROUND

A. **Zeltiq and its CoolSculpting® Procedure**

10. Zeltiq is a medical technology company that owns and/or is the exclusive licensee of the technology underlying the process known as Cryolipolysis®, a non-invasive,

896616.1                                    2

Case 2:13-cv-00575-PJG   Filed 05/23/13   Page 2 of 13   Document 1

patented, clinically proven procedure which involves freezing fat cells without damage to the skin.

11. Cryolipolysis treatments involve the selective reduction of fat bulges through the controlled cooling of subcutaneous fat tissue, which is broken down and absorbed by the body through a natural, biological process known as "apoptosis" to gradually reshape body contours.

12. Cryolipolysis treatments are intended to address stubborn fat bulges that may not respond to diet or exercise; obese individuals are generally not good candidates for Cryolipolysis treatments because they typically have body areas that require significant fat reduction, and are unlikely to obtain noticeable aesthetic results from such treatment.

13. The technology underlying the Cryolipolysis process was developed by Drs. Richard Rox Anderson and Dieter Manstein at Harvard University and Massachusetts General Hospital, and has been exclusively licensed to Zeltiq.

14. The U.S. Food and Drug Administration ("FDA") cleared Zeltiq's Cryolipolysis device for the provision of Cryolipolysis services to the flank region, or "love handles," in September 2010, and for the abdomen in May 2012.

15. Zeltiq is the only party in the United States to have obtained FDA clearance to offer a Cryolipolysis device and services.

16. Zeltiq markets its Cryolipolysis device and system under the registered trademarks Zeltiq® and CoolSculpting®, which it distributes exclusively to authorized medical professionals that receive training on proper use of the device in compliance with FDA clearance ("Authorized Providers").

**B.     Zeltiq's Registered Trademarks and Service Marks**

17.     Zeltiq has extensively marketed and promoted its CoolSculpting® system.

18.     Zeltiq's CoolSculpting® system has received substantial press coverage in the national media since its clearance by the FDA for non-invasive, cosmetic, body-contouring, including features on television shows such as The Today Show, Good Morning America, The CBS Early Show, The Rachel Ray Show, The Dr. Oz Show, Extra, Nightline, The Doctors, and E! News, and in magazines such as O, Elle, Marie Claire, Allure, Men's Fitness, Town & Country, Elevate, W, and Vie.

19.     Zeltiq owns the following valid and subsisting U.S. Trademark and Service Mark Registrations:

| MARK | REG. NO. | GOODS/SERVICES |
|---|---|---|
| ZELTIQ | 3,897,576 | Medical devices, namely, apparatus for tissue contouring and cellulite improvement; Medical services, namely, procedures and services in the nature of tissue contouring and cellulite improvement. |
| COOLSCULPTING | 3,921,045 | Medical services, namely, procedures and services in the nature of tissue contouring and cellulite improvement. |
| COOLSCULPTING | 3,957,850 | Medical devices, namely, apparatus for tissue cooling, contouring and cellulite improvement; medical devices used to destroy fat cells. |
| CRYOLIPOLYSIS | 3,987,356 | Medical services, including diagnostic and treatment services related to the destruction of fat cells in human beings; medical consultations related to the destruction of fat cells in human beings. |

20.     Zeltiq's trademarks are widely recognized in the United States and worldwide as the identifier of Zeltiq and its high quality goods and services.

C.      **Defendants Relaxation, Nouvelle, and Brown**

21.     On information and belief, Defendants operate facilities that offer spa services such as massages, waxing, and facials, and weight loss services such as dietary pharmaceuticals and weight loss counseling, which they advertise through web sites located at http://www.relaxation-station.com and http://www.nouvellediet.com.

22.     On information and belief, Defendants are offering and performing a procedure they advertise as "Freeze-Sculpting," which they describe as "the newest non-invasive alternative to liposuction." Copies of Defendants' web sites advertising their purported "Freeze-Sculpting" services are attached as Exhibits A-B.

23.     Defendants have displayed on their web site a news clip concerning Zeltiq's CoolSculpting® treatment in connection with their advertisement of "Freeze Sculpting," thereby creating the false impression that Defendants' treatments are the same as Zeltiq's authentic CoolSculpting® device and services, or are otherwise affiliated with, connected to, or associated with Zeltiq.

24.     Defendants have offered a "Groupon" deal in the Wisconsin area for "Freeze-Sculpting Weight Loss Treatment," which they describe as "cryotechnology." Defendants have also offered a promotion for "Freeze-Sculpting" on Living Social in the Milwaukee Wisconsin area. A copy of the "Groupon" deal is attached as Exhibit C.

25. Defendants are not authorized owners of a Zeltiq CoolSculpting® device, nor is Brown or any other employee of Defendants a trained Authorized Provider of Zeltiq's CoolSculpting® services.

26. Defendants are not licensed to use the marks Zeltiq® or CoolSculpting®, the patented, FDA-cleared technology used in Zeltiq's Cryolipolysis treatments, or any other Zeltiq intellectual property in connection with any goods or services that they offer.

27. Defendants' "Freeze-Sculpting" designation used in connection with purported "cryotechnology" treatments is confusingly similar to Zeltiq's federally-registered CoolSculpting® trademarks.

28. Defendants' representations concerning "Freeze-Sculpting" treatments are false and/or misleading statements of fact concerning the purported "cryotechnology" treatment offered and performed by Defendants because Zeltiq's CoolSculpting® Cryolipolysis device and system is the only Cryolipolysis treatment and device to obtain FDA clearance in the United States.

29. Defendants' statements have deceived and/or have the capacity to deceive a substantial segment of customers, who are likely to believe Defendants' purported "Freeze-Sculpting" services are the same as or equivalent to Zeltiq's FDA-cleared CoolSculpting® device and treatment, which is untrue.

30. The foregoing statements are material, as they are likely to influence purchasing decisions.

31. The foregoing statements are causing injury to Zeltiq, because they diminish the value of Zeltiq's reputation and good will that it has cultivated as the sole provider of FDA-cleared Cryolipolysis services.

32. On information and belief, the "cryotechnology" device used to perform the purported Freeze-Sculpting services advertised by Defendants is a knock-off device imported from China, and may also infringe one or more patents owned by and/or exclusively licensed to Zeltiq.

33. On information and belief, the device Defendants are using to perform their so-called Freeze-Sculpt treatments is not cleared by or authorized in any way by the FDA for fat reduction or any other use.

34. Defendants rebuffed Zeltiq's attempts to communicate with them concerning this matter by refusing to accept service of Certified Mail from Zeltiq.

D. **Zeltiq's Inability to Exercise Quality Control Over Defendants' Cryolipolysis Services**

35. On information and belief, the Freeze-Sculpting services offered by Defendants do not meet Zeltiq's high standards for services rendered under Zeltiq's Zeltiq® and CoolSculpting® marks.

36. On information and belief, Defendants are not trained on proper administration of Cryolipolysis treatments, and are offering and providing Cryolipolysis services to individuals who are not proper candidates for the treatment, which is likely to lead to unsatisfactory results or injury, and, as a result, damage to the good will associated with Zeltiq's brand and reputation as the sole provider of Cryolipolysis services cleared by the FDA.

37. Zeltiq lacks the means to ensure the purported "cryotechnology" medical treatments administered by Defendants comply with FDA-approved guidelines and meet Zeltiq's quality standards.

38. On information and belief, Defendants' customers and/or recipients of Defendants' purported "Freeze-Sculpting" treatments have been confused as to the source, origin, affiliation, connection or association of Defendants' services, mistakenly believing those services are the same as or approved of by Zeltiq.

39. Defendants' unauthorized and improper false statements of material fact, and use of Zeltiq's trademarks and/or confusingly similar trademarks in connection with purported "Freeze-Sculpting" treatments performed by untrained, unlicensed parties unaffiliated with Zeltiq, is likely to diminish the reputation of Zeltiq, and the value of its intellectual property and good will associated therewith.

40. As a result of Defendants' actions, Zeltiq was required to hire the law firms of Thompson Hine, LLP and Gonzalez Saggio & Harlan LLP and is obligated to pay their attorneys a reasonable fee for their services.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**
**(Injunctive Relief, and Damages)**

41. Zeltiq incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 40.

42. Defendants' unauthorized use in commerce of "Freeze-Sculpting" in connection with its advertising, marketing, and provision of Cryolipolysis treatments, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to

the source, origin, affiliation, connection or association of Defendants' services, and is likely to cause consumers to mistakenly believe that Defendants' Cryolipolysis treatments have been authorized, sponsored, approved, endorsed, or licensed by Zeltiq, or that Defendants are the same as or are in some way affiliated with Zeltiq or the goods and services that Zeltiq offers under its marks.

43. Defendants' acts, alleged herein, constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44. By reason of Defendants' actions, Zeltiq has suffered irreparable harm to its valuable trademarks and service marks and the goodwill associated therewith. Zeltiq has been, and unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

45. As a direct and proximate result of Defendants' conduct, Zeltiq has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT II**
**FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a)(1)(B))**
**(Injunctive Relief, and Damages)**

46. Zeltiq incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 45.

47. Defendants' advertisement and promotion of Cryolipolysis treatments using descriptions that pertain solely to Zeltiq's patented, FDA-cleared, CoolSculpting® device and treatments constitutes a misrepresentation of the nature, characteristics, and qualities of their services and commercial activities.

48. Defendants' acts, alleged herein, constitute false advertising and false designation of origin in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

49. By reason of Defendants' actions, Zeltiq has suffered irreparable harm to its reputation. Zeltiq has been, and unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

50. As a direct and proximate result of Defendants' conduct, Zeltiq has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT III
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)(1)(A))
### (Injunctive Relief, and Damages)

51. Zeltiq incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 50.

52. Defendants' unauthorized use in commerce of Zeltiq's Zeltiq® and CoolSculpting® trademarks and service marks and/or a confusingly similar variation thereof and other proprietary materials of Zeltiq in connection with its advertising, marketing, and provision of Cryolipolysis treatments, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection or association of Defendants' services, and is likely to cause consumers to mistakenly believe that Defendants' Cryolipolysis treatments have been authorized, sponsored, approved, endorsed, or licensed by Zeltiq, or that Defendants are in some way affiliated with Zeltiq or the goods and services that Zeltiq offers under its marks.

53. Defendants' acts, alleged herein, constitute infringement and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

54. By reason of Defendants' actions, Zeltiq has suffered irreparable harm to its valuable trademarks and service marks and the goodwill associated therewith. Zeltiq has been, and unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

55. As a direct and proximate result of Defendants' conduct, Zeltiq has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Zeltiq respectfully requests the following relief:

A. That Defendants, their affiliates, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be preliminarily and permanently enjoined from:

(i) using the marks Zeltiq®, CoolSculpting®, FREEZE-SCULPTING, Cryolipolysis or any confusingly similar mark or colorable imitation thereof in connection with the promotion, advertisement, display, sale, or distribution of any goods or services offered by any of the Defendants;

(ii) performing any act, making any statement, or distributing any materials that are likely to lead members of the public to believe that any device(s) owned or services

performed, distributed, leased, or sold by Defendants are associated or connected with Zeltiq, or are sold, licensed, sponsored, approved or authorized by Zeltiq;

    (iii)    reproducing, displaying distributing, or creating derivative works from any text, graphics, photographs, videos, or other materials owned by and/or emanating from Zeltiq or its Authorized Providers concerning "cryolipolysis" and the results therefrom;

    (iv)    otherwise taking any action likely to cause public confusion, mistake, or deception as to the connection, affiliation, sponsorship, approval, or other association of Defendants' goods or services with Zeltiq or its goods or services;

    B.    For an order awarding damages pursuant to 15 U.S.C. § 1117, including but not limited to each Defendants' profits associated with its sale of services in connection with Zeltiq's Zeltiq or CoolSculpting® marks, Zeltiq's damages and costs;

    C.    For an order directing each defendant to provide a full written accounting of all treatments sold to customers using the purported "cryolipolysis" device(s);

    D.    For an order requiring Defendants to issue corrective advertising to all customers, potential customers, and other recipients of its prior false advertising in a form and manner directed by the Court;

    E.    For an order directing Defendants to file with this Court, and serve upon Zeltiq's counsel within thirty days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which it has complied with such judgment;

    F.    For an award of Zeltiq's costs and disbursements incurred in this action;

    G.    For an order awarding attorneys' fees for violation of the Lanham Act, or as otherwise allowed by law or equity;

H.  For an award of interest, including prejudgment and post judgment interest at the statutory rate; and

I.  Any other additional relief as the Court deems just and proper.

Respectfully submitted,


Dated: May 23, 2013            /s/ Richard H. Porter
                               RICHARD H. PORTER
                               State Bar No.:  1015230
                               GONZALEZ SAGGIO & HARLAN LLP
                               111 E. Wisconsin Ave, Ste 1000
                               Milwaukee, Wisconsin 53202
                               Phone:     (414) 277-8500
                               Fax:       (414) 277-8521
                               Email:     richard_porter@gshllp.com

                               *Of Counsel:*
                               Carrie A. Shufflebarger *
                               Anthony J. Hornbach *
                               Thompson Hine LLC
                               312 Walnut Street
                               Fourteenth Floor
                               Cincinnati, Ohio 45202
                               Phone:     (513) 352-6700
                               Fax:       (513) 241.4771
                               Email:     carrie.shufflebarger@thompsonhine.com

                               * Counsel will file their admission papers shortly

                                   *Attorneys for Plaintiff Zeltiq Aesthetics, Inc.*