UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZELTIQ AESTHETICS, INC.

      **Plaintiff,**

      -vs-                                                  Case No. 13-C-575

BROWN HEALTH RELAXATION,
STATION LLC, NOVELLE WEIGHT
LOSS CENTERS, and MEREDITH
BROWN,

      **Defendants.**

# DECISION AND ORDER

This matter is before the Court on the default judgment motion (ECF No. 12) filed by the Plaintiff, Zeltiq Aesthetics, Inc. ("Zeltiq"), against the Defendants Brown Health Relaxation Station LLC, Novelle Weight Loss Centers, and Meredith Brown (collectively the "Defendants").

Zeltiq, a medical technology company that owns and/or is the exclusive licensee of the technology for Cryolipolysis®, a non-invasive, patented, clinically proven procedure involving freezing fat cells without damage to the skin, which it markets under the registered trademarks of Zeltiq® and CoolSculpting®, filed a proposed order for default judgment. The proposed order includes findings that the Defendants are liable for federal trademark infringement, false advertising and false designation of origin, and infringement and unfair completion in violation of Lanham

Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) & (B), as alleged in the Complaint; enjoins them from future conduct with respect to Zeltiq's trademarks; and awards Zeltiq $18,262.77 in attorney's fees and expenses.

Having previously obtained entry of default by the Clerk of Court on July 19, 2013, Zeltiq's action is in the proper procedural posture for a default judgment motion. *See* Fed. R. Civ. P. 55(a) & 55(b)(2). Default judgment establishes, as a matter of law, that the Defendants are liable to Zeltiq for the causes of action alleged in the Complaint. *See e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th Cir. 2007) (citing *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989)). Default judgment as to the Defendants' joint and several liability with respect to their violations of the Lanham Act as set forth in the Complaint is granted.

However, a default judgment does not answer whether a particular remedy is appropriate. *Id.* (quoting *Di Mucci,* 879 F.2d at 1497 ("Because . . . liability was established by default, the law in this circuit indicates that in a case such as this, an evidentiary hearing may be required to establish what type of relief is necessary.") The appeals court stated, "[t]his principle applies with equal if not greater force in the context of equitable relief, for which the law imposes a requirement that the party seeking the injunction demonstrate the inadequacy of legal relief." *Id.* (quoting *Walgreen Co. v. Sara Creek Property Co., B.V.,* 966 F.2d 273, 275 (7th Cir. 1992)) ("The plaintiff who seeks an injunction has the burden of persuasion—damages are the norm, so the plaintiff must show why his case is abnormal. . . . [W]hen, as in this

case, the issue is whether to grant a permanent injunction . . . the burden is to show that damages are inadequate. . . .").

Based on the foregoing, an evidentiary hearing must be conducted on Zeltiq's request for permanent injunctive relief. Counsel's attention is also directed to Rule 65(d), which provides the requirements for all orders granting injunctions. Since Zeltiq may incur additional attorney's fees and costs, the Court will also defer deciding that portion of Zeltiq's motion until a later date.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Zeltiq's motion for default judgment (ECF No. 12) is **GRANTED** to the extent the Court finds:

(1) The Defendants are jointly and severally liable to Zeltiq for willful federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114;

(2) The Defendants are jointly and severally liable to Zeltiq for false advertising and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); and

(3) The Defendants are jointly and severally liable to Zeltiq for infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and

The Court will conduct an evidentiary hearing **on August 28, 2013, at 2:30 p.m. in Courtroom 320, at the Federal Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin**, at which Zeltiq **must** present testimony and evidence regarding its request for injunctive relief, and **may** also present testimony and evidence regarding any request for additional attorney's fees and expenses.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**

- 4 -

Case 2:13-cv-00575-RTR   Filed 08/01/13   Page 4 of 4   Document 16